RECORD NO. 13-4917

In The
UNITED STATES COURT OF APPEALS
For The Fourth Circuit

UNITED STATES OF AMERICA,

                      Plaintiff-Appellee,

v.

DARREN NELSON HARRISON,

                      Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

RESPONSE TO ANDERS BRIEF

Darren Nelson Harrison
pro se
FCI MCDOWELL
PO BOX 1009
WELCH, WV 24801

RECEIVED 2014 JUN 10 AM 10:11 U.S. COURT OF APPEALS FOURTH CIRCUIT

## SUMMARY OF THE ARGUMENT

Appellate attorney, Hannah Valdez Garst has filed an Anders Brief in this case, claiming to have identified the following issues that might potentially support an appeal: (1) whether the district court committed plain error when it found that Mr. Harrison had knowingly and voluntarily entered into the guilty plea; and (2) whether the district court abused its discretion when it sentenced Mr. Harrison to a 90-month term after both parties agreed that the mandatory minimum sentence of 60 months' imprisonment was appropriate. For those reasons explained above, counsel determined that Mr. Harrison's potential arguments on each issue lacked arguable merit binding circuit precedent.

## ARGUMENTS

I. Mr. Harrison's plea should be vacated, because he did not knowingly and voluntarily enter into the plea.

A. Standard of Review.

Counsel has claimed that because Mr. Harrison did not move in the district court to withdraw his guilty plea, that he is not entitled to any relief in this case. Mr. Harrison opposes counsel's reasons at this stage. Mr. Harrison positions to the point that he had advised appellate counsel by letter that he anticipated counsel on appeal to brief the fact that trial attorney, Elizabeth A. Blackwood had advised Mr. Harrison that he could not withdraw the guilty plea when Mr. Harrison had finally discovered the fact that he had pled guilty to an enhanced penalty, without a predicate offense. As noted in the conclusion of the

-2-

plea agreement. Plea at ¶22. Therefore, Mr. Harrison wished to withdraw his plea agreement after the fact that Mr. Harrison had signed the plea.

Mr. Harrison points that counsel's reliance on U.S. v. Massenburg, 564 F.3d 337(4th Cir. 2009) is inapposite of his current case. In Massenburg, the defendant only contested the district court's failure to apprise and admonish the defendant during the Rule 11 plea hearing of the facts that Massenburg's sentence could be enhanced under 18 U.S.C. §924(e)(1). This Fourth Circuit Court of Appeals found that the district court had erred in the Rule 11 proceeding by not apprising Massenburg of the potential enhanced sentence under 924(e)(1), but further ruled that Massenburg had not moved to withdraw his guilty plea. In Mr. Harrison's "particular case", Mr. Harrison had, after signing the plea, discovered that he had been coerced into pleading guilty to an enhancement that requires for a consecutive term of imprisonment to any other term of imprisonment imposed, and a maximum term of life imprisonment, a 250,000 fine and no more than five years supervised release.

After Mr. Harrison had signed the plea agreement, but before the date of sentencing, Mr. Harrison, while being held in the county jail facility, Mr. Harrison addressed the issue of the §924(c)(1) not having a predicate offense for a consecutive sentence upon a conviction under 18 U.S.C. §924(c). See: 18 U.S.C. §924(c)(1),clause 2. Mr. Harrison was then advised by trial counsel Blackwood that he could not withdraw the signed

-3-

plea, due to para.22 of the plea agreement and that he could be sanctioned for a breach of contract if he aimed to challenge the plea. Ms. Blackwood's admonishments were more than enough to silence Mr. Harrison during the critical stages of the criminal proceedings. However, Mr. Harrison did wish to withdraw the guilty plea then, as he still does wish to withdraw the same plea today. It is clear that Mr. Harrison did advise Mrs. Valdez Garst (appellate counsel) that he wished for her to present this issue of facts to this Fourth Circuit Court of Appeals within the opening brief.

Under this Courts plain error review of the Rule 11 hearing, Mr. Harrison must show:(1) there was error;(2)the error was plain;and (3)the error affected his substantial rights. United States v. Olano,507 U.S. 725,732(1993).

Mr. Harrison presents that:(1)there was error in charging in the one-count Bill of Information that he was in violation of an 18 U.S.C. §924(c)(1) offense,instead of an 18 U.S.C. §922(g)(1) offense. Where a violation of §922(g)(1) charges a simple possession of a firearm by a convicted felon, and carries a statutory sentence of 0-10 years statutory maximum term of imprisonment, but does not require a consecutive term of imprisonment to any other term of imprisonment. 18 U.S.C. §922(g)(1) only requires defendant to have one prior felony conviction that exceeded one-year;(2)the error here was plain,where the §924(c)(1) violation can only be imposed when it runs consecutively to any other sentence imposed. Not the case here.

The one-count bill of information only charged a violation of §924(c)(1), a violation that requires a consecutive term of imprisonment. In this case, there was no other sentence for the sentence imposed(90)months to run consecutive to; And, for a term of supervised release violation to be the predicate offense here, is not what Congress intended for the consecutive sentence to be applied. The probation violation has its very own offense conduct via the initial indictment that Mr. Harrison was initially sentenced for in the federal court prior to being released on supervised release;therefore, the government can not now come and incorporate the §924(c)(1) violation and sentence Mr. Harrison for the probation violation and then have Mr. Harrison to plead guilty to a one-count bill of indictment that runs consecutive to the probation violation term. The probationary violation term is not a predicate offense to the §924(c)(1) violation in this case; (3)the error affected Mr. Harrison's substantial rights,where the Due Process was violated in this case, rendering a sentence that is contrary to the laws of the United States and the district court lacked jurisdiction to impose the current sentence. See:U.S. Const. Am. 5,6,and 14; Also, see Congressional Law for 18 U.S.C. §924(c)(1) sentence. **Olano**, supra.

**B. The district court committed plain error when it accepted Mr. Harrison's plea of guilty**

Being that the Due Process was violated here, the parties guilty plea is "suspect" in the event that the crime charged,must be

in support of an enhanced penalty for a principle violation of a totally different criminal offense. Therefore, and being that Mr. Harrison strongly positions that he desired to withdraw the guilty plea, after signing the plea, but was admonished by trial counsel that he would make matters worse based upon the parties' plea agreement. The district court accepted a plea to a one-count bill of information for a charge that Congress has meant to be imposed consecutively to another sentence imposed as a predicate to the §924(c)(1) penalty. Therefore, the plea agreement has affected Mr. Harrison's substantial rights. Massenburg, 564 F.3d at 344, i.e., in opposition to. See: Due Process, U.S. Const. Am. 5, 6, and 14.

Mr. Harrison's ultimate position is that "according to" Congress, the §924(c) charge in this case is unlawfully imposed where no predicate offense is attached to the 924(c), an additional sentence that can only be imposed in conjunction with another indicted crime. Therefor, Harrison's current sentence is unreasonable and should be vacated for all of the reasons stated above.

Mr. Harrison would also contend that an anders brief is insufficient in this case where the sentence violates the Sixth Amendment in light of Alleyne v. United States, U.S., No. 11-9335, 6/17/2013. In Alleyne, the defendant was charged with using or carrying a firearm in relation to a crime of violence, 18 U.S.C. §924(c)(1)(A), which carries five(5) years mandatory minimum sentence under section 924(c)(1)(A)(i). A jury found the Alleyne defendant guilty of the indicted Count, which carried five years

minimum punishment; However, a Presentencing Report(PSR) was prepared which recommended that Alleyne be sentenced to a mandatory minimum of seven(7) years for brandishing a firearm, under §924(c)(1)(ii), an offense that the jury had not convicted Alleyne of which is a Sixth Amendment violation. Mr. Harrison's position with the reliance of Alleyne Court decision is that Mr. Harrison never had a predicate offense for any mandatory minimum to apply in this case, at all.

In this case, Ms. Garst has relied upon case law that, in essence, still depended upon a defendant being atleast charged with a predicate offense for the 924(c) enhancement to apply. Mr. Harrison points this Court to the fact that in United States v. Hopkins, 310 F.3d 145,152(4th Cir. 2002)(internal quotation omitted) as relied upon by Ms. Garst in support of an anders brief analyzed that the 924(c) does not depend on a defendant being convicted of a predicate offense;however, in order to satisfy the law, a defendant would still have to be charged with a predicate offense for the 924(c) offense to even be properly presented within an indictment. The government has not legally or lawfully charged Mr. Harrison with the 924(c) offense and the sentence must be vacated(emphasis mine.).

Had this argument been presented before the United States District Court or the Fourth Circuit Court of Appeals on Direct Review would have been non-frivolous, because the court was without jurisdiction to impose the sentence and the plea would not have been accepted by the district court had defense counsel moved to withdraw the plea as requested by Mr. Harrison

during the pre-sentencing stages of this case.

## CONCLUSION

Mr. Harrison respectfully requests this Court to independently review the entire record to determine if there is standing to his argument that there are non-frivolous issues that can support an appeal. Mr. Harrison further requests that this Court will therefore, vacate his case and remand to the district court with re-sentencing instructions if the parties can agree to a lawful and legal plea, then, the district court should grant the plea.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Harrison submits that oral argument is necessary in this case, and that the Court should determine, however, that potential meritorious issues exist, as shown by Mr. Harrison and counsel should be granted an opportunity to brief and argue those issues.

DATED this 3rd day of June, 2014.

Respectfully submitted,

s/ *[signature]*
Darren Nelson Harrison
pro se
FCI MCDOWELL
PO BOX 1009
WELCH, WV 24801

## CERTIFICATE OF SERVICE

This is to hereby certify that a true and correct copy of the same OPPOSITION/RESPONSE TO ANDERS BRIEF was placed in the U.S. Mail, Postage Pre-paid and served upon:

Amy E. Ray
OFFICE OF THE U.S. Attorney
100 Otis Street, Room 233
Asheville, North Carolina 28801

Hannah Valdez Garst
LAW OFFICES OF HANNAH GARST
1707 West Thorndale Avenue
Chicago, Illinois 60660

s/ *Darren Harrison*
Darren Nelson Harrison
pro se



```
DARREN NELSON HARRISON
#16364-058
FCI MCDOWELL
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 1009
WELCH, WV 24801
```

```
                    OFFICE
              U.S. COURT
              FOR THE FO
              RICHMOND, V
```

"LEGAL MAIL"



OF THE CLERK
OF APPEALS
URTH CIRCUIT
23219